# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 9, 2020

**BY ECF**
Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 3-10-2020

Re:   *Antonio Scott v. United States*, 16 Cv. 5132 (LAP)
       *United States v. Antonio Scott*, 08 Cr. 360 (LAP)

Dear Judge Preska,

I write in response to the Court's order of March 2, 2020, directing the parties to provide an update regarding Mr. Scott's pending motion under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). 16 Cv. 5132 (LAP), Dkt. No. 4.

Mr. Scott intends to pursue his *Johnson* motion but cannot proceed in this Court until he receives permission to do so from the Second Circuit.

In 2016, Mr. Scott sought permission from the United States Court of Appeals for the Second Circuit for leave to file a second or successive motion under 28 U.S.C. § 2255. *See* Second Circuit Nos. 16-1784, Dkt. No. 2. His application was stayed pending final decisions in *United States v. Hill*, Second Circuit No. 14-3872, and *United States v. Barrett*, Second Circuit No. 14-2641. After those cases were decided, Mr. Scott's leave application, like many others, was held in abeyance pending the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).

In *Davis*, the Supreme Court held that the residual clause of § 924(c)(3)(B) is "unconstitutionally vague." *See id.* In turn, the Second Circuit held that because the residual clause at § 924(c)(3)(B) is unconstitutionally vague, conspiracy to commit Hobbs Act robbery—which could qualify only under the residual clause—was not a crime of violence for purposes of § 924(c). *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019).

Following those decisions, on October 1, 2019, Mr. Scott filed a request in the Circuit to lift the stay of his application and grant him permission to proceed with the second/successive § 2255 motion that is pending before this Court. *See* 16-1784, Dkt. No. 46. Mr. Scott argued that, after *Davis*, his conviction under 18 U.S.C. § 924(c) cannot stand

because there is no valid predicate offense, *id.* (arguing conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery were not "crimes of violence" and attempting to possess with intent to distribute marijuana is not a "drug trafficking crime"), and that the jury did not specify the predicate crime on which the § 924(c) conviction was based, *id.* On November 12, 2019, the Government filed a letter opposing Mr. Scott's request to file a second or successive petition. *See* 16-1784, Dkt. No. 47. Mr. Scott filed a letter pursuant to Fed. R. App. P. 28(j) on March 6, 2020. The parties await the Second Circuit's decision.

Therefore, we ask this Court to continue to hold Mr. Scott's *Johnson* petition in abeyance pending the Second Circuit's decision regarding his leave application. (In the alternative, the Court can immediately transfer Mr. Scott's § 2255 motion to the Second Circuit. *See Corrao v. United States*, 152 F.3d 188, 190–91 (2d Cir. 1998). However, this may only lead to additional confusion.)

Given that the parties have completed their submissions to the Circuit, we respectfully request that this Court hold his instant petition in abeyance until a decision is rendered. Within 30 days of receiving that decision, Mr. Scott will file a brief with this Court.

Respectfully submitted,

/s/
Sylvie Levine
Assistant Federal Defender
212-417-8729

SO ORDERED

*/s/ Loretta A. Preska*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record (by ECF)
      A.U.S.A. Karl Metzner (by email)
      A.U.S.A. Karin Portlock (by email)