UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ ANTONIO SCOTT                        │
│                                      │
│                    Petitioner,       │
│                                      │
│  -against-                           │
│                                      │
│ UNITED STATES OF AMERICA             │
│                                      │
│                    Respondents.      │
└─────────────────────────────────────┘
```

08-CR-360 (LAP)
16-CV-5132 (LAP)

MEMORANDUM & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Petitioner Antonio Scott's motion, (Pl. Letter Mot., dated Aug. 23, 2023 [dkt. no. 175]), seeking a certificate of appealability ("COA") from the Court's Opinion and Order which denied Petitioner's motion under 28 U.S.C. § 2255, (Order, dated June 6, 2023 [dkt. no. 173]). The Government opposes the motion. (See Gov't Letter Resp., dated Sept. 8, 2023 [dkt. no. 177]). For the reasons stated below, Petitioner's motion is DENIED.

Petitioner, through counsel, seeks a COA, pursuant to 28 U.S.C. § 2253(c)(2), from this Court on the issue of whether Petitioner's Section 924(c) conviction is supported by a "drug trafficking offense" under the meaning of the statute.

## I. Background

The Court assumes familiarity with the general facts regarding the appeal, a detailed overview of which can be found in the initial Memorandum and Order denying Petitioner's petition to

vacate.    (See Order at 2-6.)    Of particular relevance here is
Petitioner's jury trial and subsequent conviction on four counts:
Counts One and Two for conspiracy and attempt to commit Hobbs Act
robbery, respectively, in violation of 18 U.S.C. §§ 1951, 1952,
(dkt. no. 113 at 15-16); Count Three for attempted possession with
intent to distribute a controlled substance-in this case,
marijuana-in violation of 21 U.S.C. §§ 812, 841(a)(1),
841(b)(1)(D), and 18 U.S.C. § 2, (id. at 16); and Count Four for
using and carrying a firearm during and in relation to, or
possessing a firearm in furtherance of, a crime of violence or
drug trafficking crime in violation of 18 U.S.C.
§§ 924(c)(1)(A)(ii), (iii), and 2, (id.).

After several appeals and remands, this case was remanded
back to this Court in light of the Supreme Court's decision in
United States v. Taylor, 142 S. Ct. 2015 (2022), which ruled that
Hobbs Act robbery is not a crime of violence for the purposes of
a Section 924(c) conviction.    (See Order at 6.)    This Court was
tasked with determining whether Petitioner's Section 924(c)
conviction (Count Four) remained supported by any valid predicate
- in particular, if it remained supported by Count Three for
attempted possession of controlled substances with the intent to
distribute.    (See id.; dkt. no. 166.)    This Court found that the
conviction on Count Three does necessarily provide a valid

predicate for the Section 924(c) conviction on Count Four.  (See Order at 9.)  Petitioner now moves for a COA on this issue.

## II.  Legal Standard

### A. Certificate of Appealability

In a habeas corpus proceeding under 28 U.S.C. § 2255, a final order is "subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held."  28 U.S.C. § 2253(a).  However, a district court should only issue a COA when Petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard is satisfied by a showing that "jurists of reason could disagree with the district court's resolution [or] conclude the issues presented are adequate to deserve encouragement to proceed further."  Cox v. United States, 783 F.3d 145, 149 (2d Cir. 2015) (internal citations and quotations omitted).

### B. Section 924(c)

Section 924(c) criminalizes firearm possession "during and in relation to any crime of violence or drug trafficking crime."  18 U.S.C. § 924(c)(1)(A).  The Government needs only to prove "the essential elements of guilt" on one valid predicate crime under Section 924(c) to sustain a lawful conviction.  Stone v. U.S., 37 F.4th 825, 831 (2d Cir. 2022) (citing United States v. Laurent, 33 F.4th 63, 86 (2d Cir. 2022)).

The first possible predicate for Section 924(c) is a "crime of violence."  Pursuant to the Supreme Court's ruling in United States v. Davis, the only constitutionally valid statutory definition for "crime of violence" is the "force clause," also known as the "elements clause:" a felony containing an element for "use, attempted use, or threatened use of physical force against the person or property of another."  Id. at § 924(c)(3)(A); see generally United States v. Davis, 139 S. Ct. 2319 (2019) (invalidating the second "crime of violence" definition, 18 U.S.C. § 924(c)(3)(B), known as the "residual clause" or "risk of force clause," on vagueness grounds).  When determining "whether a federal felony may serve as a predicate for a conviction and sentence under the elements clause," courts "must apply a categorical approach" for crimes of violence.  Taylor, 142 S. Ct. at 2020 (internal quotations omitted).  The "categorical approach" requires that the felony "always requires the government to prove - beyond a reasonable doubt, as an element of its case - the use, attempted use, or threatened use of force."  Id.

The second possible predicate under Section 924(c) is a "drug trafficking crime."  This is defined as "any felony punishable under the Controlled Substances Act (21 U.S.C. [§] 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. [§] 951 et seq.), or chapter 705 of title 46."  18 U.S.C. § 924(c)(2).

**C. Section 841**

Section 841(a)(1) criminalizes any person who "knowingly or intentionally" acts "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."  21 U.S.C. § 841(a)(1).

Section 841(b)(1)(D) provides that a "person shall, except as provided in paragraphs (4) and (5) of this subsection, be sentenced to a term of imprisonment of not more than 5 years," a punishment that meets the bar for a felony.  21 U.S.C. § 841(b)(1)(D); see Moncrieffe v. Holder, 569 U.S. 184, 193 (2013) (categorizing an individual sentenced under subsection (b)(1)(D) "as a felon").  However, pursuant to the exceptions within Section 841, "'any person who violates subsection (a) of this section by distributing a small amount of marihuana for no remuneration shall be treated as' a simple 'misdemeanant.'"  Id. (quoting 21 U.S.C. § 841(b)(4)).  In such cases, the "burden is on the defendant to show that he qualifies for the lesser sentence" under the exception, and "the Government need not negate the § 841(b)(4) factors in each case" to sustain a conviction.  Id. at 197; see also United States v. Outen, 286 F.3d 622, 638 (2d Cir. 2002).

III.  **Discussion**

Section 924(c) requires a conviction on a valid predicate — one of those predicates is a "drug trafficking crime," which explicitly encompasses felonies under the Controlled Substances

Act.  18 U.S.C. § 924(c)(2).  Petitioner was convicted of a felony
under Section 841, a statute squarely within the Controlled
Substances Act.

Petitioner argues that "clear Supreme Court precedent"
dictates the categorical approach should be used to determine
whether a conviction is a "drug trafficking crime."  (Pl. Letter
Mot. at 2.)  As support, his letter cites a handful of Supreme
Court cases: Taylor, 142 S. Ct. 2015, United States v. Davis, 139
S. Ct. 2319 (2019), and Moncrieffe, 569 U.S. 184.  (Id.)  However,
neither Taylor nor Davis applies a categorical approach to "drug
trafficking crime" predicates — both decisions merely apply the
categorical approach to "crime of violence" predicates.  Taylor,
142 S. Ct. at 2017-18; Davis, 139 S. Ct. 2329-30.  In fact, Davis
explicitly juxtaposes the categorical approach implicit in the
"crime of violence" predicate from the "drug trafficking crime"
predicate: "Congress moved quickly to abrogate those decisions
[that relied on the categorical approach to drug crimes].  But,
notably, . . . it accepted the categorical approach as given and
simply declared that certain drug trafficking crimes automatically
trigger § 924 penalties, regardless of the risk of violence that
attends them."  Id. at 2331.

Moncrieffe presents a closer case but does not make the
sweeping proposition for the categorical approach that Petitioner
suggests.  There, the federal Government sought to use a state

6

drug conviction as the basis for deportation under the Immigration and Nationality Act (INA), arguing that the possession of a small amount of marijuana under Georgia law qualified as an "aggravated felony." Moncrieffe, 569 U.S. at 187-89. The Supreme Court rejected the Government's argument, but on the basis that the state crime was not "'necessarily' conduct punishable as a felony under the CSA." Id. at 192. That is not the case here. As discussed at length in the Court's prior order, (see Order at 9-12), Moncrieffe does not apply when the individual was already convicted of a felony under the CSA in a federal criminal proceeding, as Petitioner was. See, e.g., Hernandez v. U.S., No. SACR 07-0202-DOC-7, 2021 WL 4350055, at *5 (C.D. Cal. June 11, 2021) ("Since a conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, is a felony punishable under the Controlled Substances Act, Hernandez's conviction under § 846 clearly falls under the definition of a 'drug trafficking crime' and the categorical and modified categorical approaches need not be applied."); Osuna-Gutierrez v. Johnson, 838 F.3d 1030, 1037-38 (10th Cir. 2016); Medina v. United States, No. 13 Cr. 272, 2020 WL 6140540, at *5-6 (S.D.N.Y. Oct. 18, 2020); U.S. v. Flowers, No. 14 Cr. 341, 2020 WL 606706, at *2 (N.D. Ohio Feb. 6, 2020).

Petitioner also argues that a COA should issue because "a higher tribunal" should determine if this Court's "reliance on Outen was correct" in finding that a "conviction under Section

841(b)(1)(D) is, by default, a felony." (Pl. Letter Mot. at 2 (citing Outen, 286 F.3d at 638).) Yet this Court has found no instances of this district or any other districts applying the categorical approach to what is already defined by statute as a federal drug crime. Petitioner offers Smith v. United States as an example to support their argument, but a cursory review of the opinion reveals that the Petitioner in Smith was not appealing a Section 924(c) conviction at all. No. 13-CV-924-J-34PDB, 2016 WL 3194980, at *5-6 (M.D. Fla. June 9, 2016) (clarifying that Section 924(c) is not "the statutory term relevant to [Petitioner's] case"). Far from endorsing the categorical approach for all Section 924(c) convictions, as Petitioner contends today, Smith acknowledged Moncrieffe's limited applicability to "state drug offense[s] [that are] not necessarily punishable as a felony under the CSA" and reaffirmed that felonies under the CSA are "drug trafficking crimes" under Section 924(c). Id. at *5-6.

In line with Smith's analysis, this Court's independent review of caselaw found that the only instances in which the categorical approach had been applied to drug crimes was for state law convictions. See, e.g., Moncrieffe, 569 U.S. 184; U.S. v. Furaha, 992 F.3d 871 (9th Cir. 2021) (applying categorical approach to state law conviction). In such cases, the categorical approach is necessary because the analogized federal prosecution is merely "hypothetical." Moncrieffe, 569 U.S. at 197-98. This was the

8

Moncrieffe Court's reasoning for declining to apply Outen.  Id. (distinguishing Outen, 286 F.3d at 636–39).

Here, there is no analogy or hypothetical.  There was a federal criminal prosecution under the CSA, where Petitioner had the full opportunity to present his case — including exceptions and defenses — in front of a jury.  Cf. id. at 198 ("Here we consider a 'generic' federal offense in the abstract, not an actual federal offense being prosecuted before a jury.").  Furthermore, there is no debate that Petitioner was convicted of a federal drug trafficking crime under Section 841(a) by this jury, with "no mention of (b)(4), the misdemeanor provision."  Osuna-Gutierrez, 838 F.3d at 1036 (applying Outen).

Therefore, the Court finds that no "reasonable jurists could debate" the clear applicability of Outen to this case.  Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005) (quoting Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  It likewise does not find any debatable reason why Moncrieffe's categorical approach should be extended to convictions explicitly within the meaning of Section 924(c).

## IV.    Conclusion

For the reasons set out above, Petitioner has made no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Therefore, the Petitioner's motion for a certificate of appealability is DENIED.  The Clerk of the Court is directed to close dkt. no. 175.

**SO ORDERED.**

Dated:     April 16, 2025
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge